UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61156-WILLIAMS/VALLE

MAUREEN HARRINGTON,
as personal representative for
BLAINE HARRINGTON, III,

    Plaintiff,

v.

FRANK J. MARI d/b/a
State of Florida Property
Management Association (SFPMA),

    Defendant.
_____/

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Default Judgment (ECF No. 16) (the "Motion"). United States District Judge Kathleen Williams referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 17). Upon review of the Motion and being duly advised on the matter, the undersigned recommends that the Motion be **GRANTED IN PART**.

### I.    BACKGROUND

**A.  The Complaint**

On June 17, 2022, Plaintiff filed an initial Complaint against Defendant Frank J. Mari d/b/a South Florida Property Management Association ("SFPMA")[1] ("Defendant") alleging violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*[2] *See generally* (ECF No. 1). On August 28, 2022,

---

[1] The initial Complaint contained a different alias, which changed in the Amended Complaint. *Compare* (ECF No. 1) (naming South Florida Property Management Association), *with* (ECF No. 8) (naming State of Florida Property Management Association).

[2] The initial Complaint was filed by Blaine Harrington, III, who has since deceased. Plaintiff Maureen Harrington is Mr. Harrington's personal representative and was substituted as Plaintiff

Plaintiff filed a First Amended Complaint.  *See* (ECF No. 8).  The Amended Complaint alleges that Plaintiff is a well-known and highly regarded travel/location photographer, with more than 45 years of experience.  (ECF No. 8 ¶¶ 6-7).  In 2010, Plaintiff created a professional photograph of the Kula Highway in Maui, Hawaii, titled "HAW-02-68-25_CS.JPG" (the "Work").  *Id.* ¶ 9.  Plaintiff is the owner of the Work and remained the owner for purposes of this action.  *Id.* ¶ 11.

According to the Amended Complaint, Defendant owns and operates at least three fictitious businesses, including SFPMA.  *Id.* ¶ 12.  SFPMA purports to be a property management association and advertises/markets its services through its website, social media, and other forms of advertising.  *Id.* ¶¶ 13-14.  Plaintiff alleges that Defendant published the Work on its website for commercial use, without a license to use or display the Work.  *Id.* ¶¶ 15-19.

### B. Procedural History

In August 2022, service of the initial complaint was unsuccessful because Defendant had vacated the property and attempts to serve Defendant elsewhere were unsuccessful.  (ECF No. 7 at 2).  After filing the Amended Complaint, Plaintiff sought an extension of time to effectuate service, which the District Court granted.  (ECF Nos. 9, 10).  The District Judge ordered that service be completed by October 17, 2022.  (ECF No. 10).  On that date, under penalty of perjury, Plaintiff's counsel filed a Declaration of Compliance advising the Court of Plaintiff's efforts to serve Defendant and representing that Plaintiff had effectuated substitute service.  *See generally* (ECF No. 13).  Thereafter, in November 2022, Plaintiff sought and was granted a Clerk's Default.  (ECF Nos. 14, 15).  The instant Motion followed.  (ECF No. 16).

---

in this action.  *See* (ECF No. 21).  For ease of reference, however, unless otherwise indicated "Plaintiff" refers to Mr. Harrington through his now representative.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), this Court may enter a final judgment of default against a defendant who has failed to plead in response to a complaint. A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact [in the complaint], is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3] "Although a plaintiff generally does not need to include detailed allegations in the complaint, the plaintiff must assert more than just conclusory statements or a 'formulaic recitation of the elements of a cause of action.'" *Childs v. Commercial Recovery Sys., Inc.*, No. 13-CV-21923, 2014 WL 12860594, at *2 (S.D. Fla. Feb. 24, 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Because a defendant admits only those facts that are well pled, the default itself does not create the basis for entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206; *Childs*, 2014 WL 12860594, at *1 (a motion for default judgment "is not granted as a matter of right"). Instead, a court must determine whether the factual allegations are well-pled and provide a sufficient basis for the judgment. *Nishimatsu,* 515 F.2d at 1206; *see also Grant v. Wash. Recovery Servs., LLC*, No. 13-CV-62216, 2014 WL 11706459, at *2 (S.D. Fla. Jan. 29, 2014). Moreover, a defaulting defendant does not admit allegations that are mere conclusions of law. *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-CV-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206); *see also Childs*, 2014 WL 12860594, at *1. Lastly, before entering a default judgment, the Court must ensure that it has jurisdiction over the claims.

---

[3] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

*Innovative Sports Mgmt., Inc. v. Sulca*, No. 20-CV-20203, 2020 WL 3183243, at *2 (S.D. Fla. June 15, 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)).

### III.   DISCUSSION

#### A.   Substitute Service

Pursuant to the District Judge's referral, the undersigned must determine "whether Plaintiff properly effectuated service on Defendant by the Fed. R. Civ. P. 4(m) deadline." (ECF No. 17). This determination requires a review of the record, the Declaration of Compliance, and Florida Statute § 48.161. In relevant part, § 48.161 provides that when a business entity conceals its whereabouts, substitute service may be made by sending a copy of the process to the office of the Secretary of State by certified mail, return receipt requested. Fla. Stat. § 48.161(1), (3). According to the Declaration of Compliance, on October 6, 2022, Plaintiff sent a notice of service/copy of process to Defendant through certified mail to Defendant's registered address with Florida's Secretary of State. (ECF No. 13 ¶ 11-12). The certified mail was returned as undeliverable due to an incomplete address. *Id.* ¶ 12. Consistent with § 48.161(4), Plaintiff affirms that he has used due diligence, made a diligent inquiry, and exerted an honest and conscientious effort to acquire the information necessary to effectuate service. *Id.* ¶ 10. Accordingly, the undersigned finds that Plaintiff has properly effectuated substitute service on Defendant pursuant to Florida Statute § 48.161.

#### B.   Jurisdiction and Venue

This is an action for injunctive relief and statutory damages for copyright infringement under the Copyright Act, in violation of 17 U.S.C. § 101. *See generally* (ECF No. 8). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). Moreover, Defendant is subject to personal jurisdiction in this District based on Plaintiff's allegations that Defendant has a registered address in Florida, which

4

demonstrate that Defendant is engaging in business in the state. *Id.* ¶ 2. Plaintiff further alleges that Defendant has maintained sufficient minimum contacts with Florida, such that the exercise of personal jurisdiction over him would not offend traditional notions of fair play and substantial justice. *Id.* ¶ 4.

Venue is also proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant or his agents reside or may be found in this District. "[I]f a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper." *McGregor v. In Tune Music Grp.*, No. 15-CV-62044, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (citation omitted).

### C. The Complaint Adequately Alleges Claims for which Relief May Be Granted

Plaintiff alleges copyright infringement under 17 U.S.C. § 101. *See generally* (ECF No. 8). To establish copyright infringement, a plaintiff must establish: (i) "ownership of a valid copyright; and (ii) copying of constituent elements of the work that are original." *Sanrio Co., Ltd. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *2 (S.D. Fla. Mar. 21, 2019) (quoting *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010)).

Plaintiff alleges that he created the Work in 2010. (ECF No. 8 ¶ 9). Plaintiff is the owner of the Work and always remained the owner for purposes of this action. *Id.* ¶ 11. The Work was registered by Plaintiff with the Register of Copyrights on April 26, 2011 and was assigned Registration No. VAu 1-775-610. *Id.* ¶ 10. Without authorization or a license, Defendant published the Work on its website for commercial use to market his business. *Id.* ¶¶ 15-18.

Against this factual backdrop, the undersigned concludes that Plaintiff has sufficiently stated a claim for copyright infringement against Defendant.

### D. Remedies Available to Plaintiff

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 06-CV-1639-OrL-31KRS, 2008 WL 3540374, at *4 (M.D. Fla. Aug. 12, 2008). In doing so, the Court need not conduct an evidentiary hearing where there is sufficient evidence on the record, such as affidavits and declarations, to support the relief sought. *Chanel, Inc. v. Sea Hero,* 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016); *see also Morsillo v. Progressive Fin. Servs., Inc.*, No. 18-CV-60658, 2018 WL 2304747, at *1 (S.D. Fla. May 21, 2018) ("In issuing a default judgment, a court may award damages 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' as long as 'all essential evidence is already of record.") (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 n.13 (11th Cir. 2005)). As discussed more fully below, Plaintiff has presented sufficient evidence to support the award of damages and attorney's fees and costs.

#### 1. Statutory Damages

Under 17 U.S.C. § 504(c), an aggrieved party may recover between $750 to $30,000 in statutory damages for each violation of § 101. 17 U.S.C. § 504(c)(1). In addition, if the Court finds that the violation was committed willfully, the Court may increase the award of damages to a total of no more than $150,000. *Id.* § 504(c)(2). Here, because Defendant's copyright violations are deemed admitted, Plaintiff is entitled to statutory damages.

Plaintiff requests an award of $22,500 in statutory damages (three times the average of Plaintiff's comparable licensing fees). *See* (ECF No. 16 at 15). The undersigned has "broad discretion" in determining an award of statutory damages for copyright infringement. *Joe Hand Promotions, Inc. v. Santana,* No. 19-CV-116-OrL-37GJK, 2019 WL 6134420, at *5, *report and*

6

*recommendation adopted,* 2019 WL 6133737 (M.D. Fla. Nov. 19, 2019). Among factors to consider in determining an award of damages are the: (i) costs saved and profits reaped by infringer; (ii) revenues lost by the copyright holder as a result of the infringement; and (iii) infringer's state of mind, whether willful, knowing, or innocent. *Sanrio,* 2019 WL 2010249, at *5. Moreover, willful infringement of copyright may be inferred from a defendant's default on a complaint. *See Arista Records Inc. v. Beker Enters.,* 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003).

Here, the undersigned recommends that Plaintiff be awarded a total of $22,500 in statutory damages, based on three times the $7,500 average comparable licensing fee for the infringement violation. (ECF No. 16 at 15); *see, e.g., Wareka v. Faces by Francesca, LLC,* No. 20-CV-62466, 2021 WL 6101375, at *3 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted,* No. 20-CV-62466, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (awarding $32,500 in statutory damages, which was three times the licensing fee); *Santana,* 2019 WL 6134420, at *5 (concluding that awarding the high range of a licensing fee with treble damages was sufficient to prevent unjust enrichment, repair injury, and deter future wrongful conduct); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (noting that three times the value of what defendant would have paid is a modest award); *see also Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143, at *15 (W.D. Tex. May 3, 2011) ("[I]n light of plaintiff's $6,000 in actual damages and defendants' willful conduct, the Court finds a just award of statutory damages to be three times plaintiff's actual damages, or $18,000").

2. *Attorneys' Fees and Costs Generally*

Additionally, Plaintiff seeks $3,747.90 in attorney's fees and costs, consisting of $3,241.25 in fees and $506.65 in costs. (ECF No. 16 at 16). Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute

or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, however, the Copyright Act provides for an award of "full costs," including reasonable attorney's fees, to the prevailing party. *See* 17 U.S.C. § 505 (authorizing the award of fees and costs to the prevailing party). Accordingly, as the prevailing party by default final judgment, Plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See, e.g., Arista,* 298 F. Supp. 2d at 1316 (noting that courts regularly award attorney's fees and costs upon default judgment in copyright infringement cases).

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *16-17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563

8

U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### a. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotations and citations omitted). Here, the relevant legal community is South Florida.

Plaintiff seeks an award for legal services rendered by attorneys Daniel DeSouza and Laura Hausman, and paralegal Denise Sosa. (ECF No. 16-2 ¶¶ 10-11). Attorney DeSouza is a 2004 graduate of George Washington University Law School with extensive experience in commercial and intellectual property litigation. *Id.* ¶¶ 3-4. He expended 3.95 hours at rate of $450/hr. *Id.* ¶¶ 10-11. Attorney Hausman is a 2021 graduate of Elon University School of Law who expended 4.4 hours at $300/hr. *Id.* ¶¶ 5, 10,, 11. Paralegal Sosa expended 1.15 hours at $125/hr. *Id.* ¶¶ 10, 11.

The Court has considered the relevant factors under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors"),[4] the Court's own knowledge and experience, and has reviewed counsel's declaration and the record in this case. *See Loranger*, 10 F.3d at 781 (the court may consider its own knowledge and experience concerning reasonable

---

[4] The *Johnson* factors are: (i) the time and labor required; (ii) the novelty and difficulty of the questions presented; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986).

and proper fees and may form an independent judgment either with or without the aid of witnesses as to value (quoting *Norman*, 836 F.2d at 1303); *see also* (ECF No. 10). Based on this review and the Court's own judgment and expertise, the undersigned finds that the hourly rates for both attorneys are reasonable. *See, e.g.*, *Afford. Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 21-CV-1166, 2022 U.S. Dist. LEXIS 32586, at *30 (M.D. Fla. Feb. 23, 2022*), report and recommendation adopted*, 2022 U.S. Dist. LEXIS 44633 (Mar. 14, 2022) (approving $450/hr for attorney DeSouza).

Nevertheless, the undersigned concludes that Plaintiff's request to recover fees for work performed by paralegal Sosa should be denied. "A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney." *Hansen v. Deercreek Plaza*, LLC, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (quotation marks and citations omitted). However, "work that is clerical or secretarial in nature is not separately recoverable." *Id.* According to the billing records attached to the Declaration of Compliance, the paralegal filed and mailed legal documents. (ECF No. 16-2 at 9). These tasks appear to be clerical rather than "work traditionally done by an attorney." *See e.g., Wareka*, 2021 WL 6101375, at *5 (recommending against an award of fees accrued by paralegal who performed clerical work). Accordingly, the undersigned recommends against an award for fees accrued by the paralegal.

      b.   *Reasonable Hours Expended*

Having determined the reasonable hourly rate in this case, the undersigned next addresses the reasonableness of the number of hours expended by counsel. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and

10

therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotation marks and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Here, the Declaration of Compliance includes supportive billing records. *See* (ECF No. 16-2 at 9-10). Although Defendant has failed to appear and otherwise object to the Motion, the Court must nonetheless ensure that counsel has exercised billing judgment in the request for fees. *ACLU*, 168 F.3d at 428. After a review of the record in the case and the Motion, the undersigned finds that the hours billed are reasonable. Accordingly, the undersigned recommends that Plaintiff be compensated for the hours of work performed by attorneys DeSouza and Housman, with a deduction for work performed by the paralegal. Thus, Plaintiff should be awarded $3,097.50 in attorney's fees ($3,241.25 - $143.75).[5]

    3. Costs

Plaintiff also seeks $506.65 in costs. *See* (ECF No. 16-2 ¶ 14). Rule 54 provides that costs should be allowed to the prevailing party. Fed. R. Civ. P. 54(d). Moreover, the Copyright Act provides for an award of "full costs" to the prevailing party. *See* 17 U.S.C. § 505. Absent contractual or statutory authority, the particular items that may be taxed as costs are limited to those listed in 28 U.S.C. § 1920, and include, in relevant part: (1) fees of the clerk and marshal;

---

[5] The fees incurred by the paralegal are 1.15 hours x $125/hr = $143.75.

and (2) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(1), (4). The Court has discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Here, Plaintiff provides documentation for the requested costs. *See* (ECF No. 16-2 at 10-12). The costs are enumerated in § 1920 as recoverable and would be also recoverable as "full costs" under the Copyright Act. *See*, 28 U.S.C. § 1920(1) (providing that fees for filing the Complaint are recoverable); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (noting that 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as they do not exceed the fees permitted by 28 C.F.R. § 0.114, and provides that fees charged by the United Sates Marshals Service for personal service of process are $65/hr). Accordingly, Plaintiff should be awarded a total of $506.65 in costs as the prevailing party.

### E. Entry of a Permanent Injunction

Lastly, Plaintiff seeks permanent injunctive relief under 17 U.S.C. § 502(a). (ECF No. 16 at 16-17). For a court to grant a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted).

Here, since a default was entered against Defendant, Plaintiff has shown success on the merits. Plaintiff has also presented sufficient evidence that Plaintiff would suffer irreparable harm from a diminished market value of the Work and loss of licensing fees as a result of Defendant's infringement. *See generally* (ECF No. 16). Therefore, the undersigned finds that Plaintiff is entitled to permanent injunctive relief.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that:

(i) Plaintiff's Motion for Default Final Judgment (ECF No. 16) be **GRANTED**, and a permanent injunction be entered against Defendant;

(ii) Plaintiff's request for statutory damages be **GRANTED**. Plaintiff should be awarded a total of $22,500 in statutory damages against Defendant.

(iii) Plaintiff's request for attorneys' fees and costs (ECF No. 16) be **GRANTED IN PART**. Plaintiff should be awarded $3,097.50 in attorney's fees and $506.65 in costs.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on June 29, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen Williams
All Counsel of Record