UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-61156-WILLIAMS/VALLE

MAUREEN HARRINGTON,
as personal representative for
BLAINE HARRINGTON, III,

    Plaintiff,

v.

FRANK J. MARI d/b/a
State of Florida Property
Management Association (SFPMA),

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion to Show Cause Why Defendant Should Not be Held in Contempt (ECF No. 30) (the "Motion"). United States District Judge Kathleen M. Williams has referred to the undersigned Plaintiff's Motion for Default Judgment and Plaintiff's Motion for Post-Judgment Discovery. (ECF No. 17); *see also* (ECF Nos. 23, 28). Because the instant Motion relates to the undersigned's prior rulings, this Report and Recommendation follows for the District Judge's consideration.

On March 7, 2024, the undersigned held a hearing on the Motion (ECF No. 35) (the "Show Cause Hearing"). Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that Frank J. Mari be held in contempt of Court for failure to comply with the Court's prior Orders (as defined below).

I.       BACKGROUND

In June 2022, Plaintiff[1] filed an initial Complaint alleging violations of the Copyright Act, 17 U.S.C. § 101 *et seq.,* against Defendant Frank J. Mari d/b/a South Florida Property Management Association ("SFPMA") ("Defendant").  *See generally* (ECF No. 1).  According to the operative Amended Complaint, Plaintiff is a well-known and highly regarded travel/location photographer who created (and is the owner of) a professional photograph of the Kula Highway in Maui, Hawaii, titled "HAW-02-68-25_CS.JPG" (the "Work").  (ECF No. 8 ¶¶ 6-7, 9). Defendant allegedly owned and operated at least three fictitious businesses, including SFPMA. *Id.* ¶ 12.  SFPMA is purportedly a property management association that advertised/marketed its services through its website, social media, and other forms of advertising.  *Id.* ¶¶ 13-14. According to the Amended Complaint, Defendant published the Work on its website for commercial use, without a license to use or display the Work.  *Id.* ¶¶ 15-19.

Relevant to the instant Motion, in July 2023, the District Judge entered a Default Final Judgment in favor of Plaintiff and against Defendant for $26,104.15.  *See* (ECF Nos. 23, 24, 25). Plaintiff subsequently moved to Compel Post-Judgment Discovery Responses.  (ECF No. 27) (the "Motion to Compel").  In October 2023, the undersigned granted Plaintiff's Motion to Compel requiring Defendant to: (i) serve responses to Plaintiff's First Set of Interrogatories in Aid of Execution; and (ii) serve responses and produce all documents responsive to Plaintiff's First Request for Production in Aid of Execution (together, "Post-Judgment Discovery in Aid of Execution").  (ECF No. 28 at 1); *see also* (ECF No. 27) (containing Plaintiff's discovery requests seeking information about Defendant's finances/assets).  The Court also advised that "[f]ailure to

---

[1] The initial Complaint was filed by Blaine Harrington, III, who has since deceased.  (ECF No. 19).  Plaintiff Maureen Harrington is Mr. Harrington's personal representative and was substituted as Plaintiff in this action. *See* (ECF No. 21). For ease of reference, unless otherwise indicated "Plaintiff" refers to Mr. Harrington through his now representative.

timely comply with [that] Order may result in Defendant being held in contempt and/or other sanctions." (ECF No. 28 at 2). Defendant, however, failed to comply with the Court's Order on the Motion to Compel.

The instant Motion followed. In partially granting the Motion, the undersigned scheduled a Show Cause Hearing advising that "Defendant's failure to appear at the Show Cause Hearing may result in a recommendation that the Court impose sanctions upon Defendant, including per-day fines, and possible arrest and incarceration until Defendant complies with the Court's Orders." (ECF No. 31) (the "Show Cause Order"). In early March 2024, the undersigned held a Show Cause Hearing. (ECF No. 35). Although Defendant was served with the Show Cause Order, Defendant failed to appear at the Show Cause hearing. (ECF Nos. 31, 32, 35).

To date, the Judgment remains unsatisfied, and Plaintiff continues to pursue Post-Judgment Discovery in Aid of Execution.

## II.     LEGAL STANDARD

The District Court's power to find a Defendant in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders. *United States v. Pierre*, No. 04-CV-21129, 2007 WL 5268245, at *2 (S.D. Fla. Mar. 21, 2007) (citations omitted). A finding of civil contempt must be supported by clear and convincing evidence. *S.E.C. v. Pension Fund of Am., L.C.,* 396 F. App'x 577, 580 (11th Cir. 2010). The clear and convincing evidence must establish that: (i) an order was violated; (ii) the allegedly violated order was valid and lawful; (iii) the order was clear and unambiguous; and (iv) the alleged violator had the ability to comply with the order. *Id.* A party subject to a contempt order must show that he has "made in good faith all reasonable efforts to comply." *Id.* at 582 (citations omitted).

### III.     FINDINGS OF FACT

The undersigned makes the following findings of fact in connection with Plaintiff's request to find Frank J. Mari in contempt of Court.

1. In the undersigned's Order on the Motion to Compel, the Court ordered Defendant to: (i) serve responses to Plaintiff's First Set of Interrogatories in Aid of Execution; and (ii) serve responses and produce all documents responsive to Plaintiff's First Request for Production in Aid of Execution.  (ECF No. 28 at 1).  The Court also advised Defendant that "[f]ailure to timely comply with [the] Order may result in Defendant being held in contempt and/or other sanctions."  *Id.* at 2.

2. Defendant Frank J. Mari failed to Comply with the Court's Order on the Motion to Compel.

3. The undersigned subsequently scheduled the Show Cause Hearing and advised that "Defendant's failure to appear at the Show Cause Hearing may result in a recommendation that the Court impose sanctions upon Defendant, including per-day fines, and possible arrest and incarceration until Defendant complies with the Court's Orders."  (ECF No. 31) ("Show Cause Order").

4. Defendant, however, failed to respond to the Show Cause Order and did not appear at the Show Cause Hearing.  (ECF No. 35).

5. The Order on the Motion to Compel and the Show Cause Order (together, the "Orders") were valid and lawful.  Specifically, "in a post-judgment scenario, the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." *Wachovia Bank v. Tien*, No. 04-CV-20834, 2015 WL 13240005, at *1 (S.D. Fla. Sept. 23, 2015) (citation

omitted). Moreover, "broad discovery of a debtor's assets is permitted, and all assets (whether held individually or jointly) are relevant to collecting the debt owed. *Id.* Additionally, "[i]n the post-judgment context "[f]ederal law as interpreted in the Eleventh Circuit . . . does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 10058909, at *1 (S.D. Fla. Feb. 5, 2019) (compelling the production of tax returns). Consequently, the Court's Order on the Motion to Compel is proper.

6. Upon Defendant's failure to comply with the Order on the Motion to Compel, the Court properly entered the Show Cause Order. (ECF No. 31). Defendant, however, failed to respond to the Show Cause Order and did not appear at the Show Cause Hearing. (ECF Nos. 31, 35).

7. To date, Defendant has not challenged the propriety or legality of the Court's Orders.

8. The Orders were also clear and unambiguous, unequivocally directing that Defendant Frank J. Mari respond to Plaintiff's Post-Judgment Discovery in Aid of Execution. (ECF Nos. 28, 31). Defendant, however, has never appeared in this action nor requested clarification of the Court's Orders.

9. At the Show Cause Hearing, Plaintiff (through counsel) confirmed that he had attempted to contact Defendant via email, U.S. Mail, and FedEx. After the Show Cause Hearing, Plaintiff again confirmed service of the Orders on Defendant through five different email addresses. (ECF No. 36 at 2 n.2).

10. Based on the record before the Court, although Defendant can comply with the Court's Order, he has failed to do so despite the Court's express instructions.

11. Accordingly, the undersigned finds that Plaintiff has established the need for civil contempt by clear and convincing evidence.

12. Under these circumstances, this Court finds that the only way to obtain compliance with the Court's Orders is to find Defendant Frank J. Mari in civil contempt. *See, e.g.*, *Wachovia Bank v. Tien*, No. 04-CV-20834, 2015 WL 13240005 (S.D. Fla. 2004) (ECF Nos. 2340, 2403) (recommending to District Judge that defendants be held in contempt). Further, Defendant Frank J. Mari should be held in custody until he purges himself of contempt by responding to Plaintiff's Post-Judgment Discovery in Aid of Execution. *Id.* (ECF Nos. 2348, 2410) (orders adopting the undersigned's recommendation that defendants be held in custody until purging contempt); *see also* (ECF Nos. 2349, 2411) (arrest warrants); (ECF Nos. 2353, 2354) (hearing before District Judge who concluded that although defendant was in contempt for violating court orders and could remain in jail, the court would grant plaintiff's motion vacate the contempt finding to allow plaintiff to otherwise seek relief).

## IV.     RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendant Frank J. Mari be **HELD IN CONTEMPT** (ECF No. 30). Specifically, the District Judge should: (i) enter an Order holding Defendant Frank J. Mari in civil contempt for failure to obey this Court's Orders requiring him to respond to Plaintiff's Post-Judgment Discovery in Aid of Execution; (ii) issue a warrant for Defendant Frank J. Mari's arrest; and (iii) enter an Order that Defendant Frank J. Mari be held in custody until he purges himself of contempt by responding to Plaintiff's Post-Judgment Discovery in Aid of Execution.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as

provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff shall serve a copy of this Report and Recommendation on the Defendant Frank J. Mari by email, certified First-Class Mail, and FedEx, and file a Notice of Compliance regarding service.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on March 22, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen M. Williams
　　All Counsel of Record